# CASES

## ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF VERMONT.

### A. S. RICHARDSON *v.* CITY OF ST. ALBANS.

January Term, 1899.

Present : TAFT, C. J., ROWELL, MUNSON, START, THOMPSON and WATSON, JJ.

Opinion filed August 31, 1899.

*Taxation—Exemption of capital of corporation exempts shares of stock.* If a town votes to exempt the capital of a manufacturing corporation from taxation under the provisions of V. S. 365, the shares of its stockholders are thereby exempted.

*Taxation—Shares exempt by municipal vote deducted from offset.* Under V. S. 411, providing for the deduction from any offset claimed by a taxpayer of the amount of stock and bonds held by him " exempt from taxation by the laws of this State", shares of stock exempt by virtue of a municipal vote authorized by a law of the State must be deducted.

ASSUMPSIT. Franklin County, September Term, 1898, *Tyler,* J., presiding. Trial by court. Judgment for defendant. Plaintiff excepted.

The case was tried upon the following stipulation : " The only question involved in this case is whether the listers of defendant City were authorized under the law to deduct from debts owing by the plaintiff, shares of par value stock owned by him in the Fletcher Granite Co., a corporation that was exempted from taxation by a vote of the Town and Village of St. Albans,

for a term of years not yet expired, under sec. 365, V. S., which votes of exemption were prior to the organization of the City, and covered all capital of said company, before deducting said debts from personal estate to be listed for taxation. If the listers were not authorized to make such deduction, the plaintiff is entitled to recover $165.64 and costs. If they were authorized to make such deduction the defendant is entitled to recover its costs."

*F. W. McGettrick* for the plaintiff.

*Wilson & Hall* for the defendant.

MUNSON, J. Section 362 of the Vermont Statutes provides that certain property therein specified "shall be exempt from taxation," and the list given includes shares of stock in corporations out of the State and stock in railroad corporations in the State. Section 365 provides that certain manufacturing establishments, and all capital and personal property used in their business, may be exempted from taxation for a term of years " if the town so votes." Section 411 provides that in determining the grand list of a tax-payer the listers shall deduct from any offset claimed by the tax-payer on account of his indebtedness, the aggregate amount of his United States government bonds and other stocks and bonds "exempt from taxation by the laws of this State." The defendant's listers reduced the plaintiff's offset by the amount of his stock in the Fletcher Granite Company, a corporation exempted from taxation by the vote authorized by sec. 365. The plaintiff insists that this reduction of his offset was illegal; claiming in the first place that the vote authorized by sec. 365 does not exempt the stock of a shareholder, and claiming further that if it does, the stock is not exempted " by the laws " of the State within the meaning of sec. 411.

It is said that the capital used in the business of a corporation is not the stock itself, but the avails derived from a sale of it; that when stock is issued it passes from the control of the corporation, and becomes the individual property of the different

stockholders; and that consequently an exemption of the capital of the corporation does not relieve its stockholders from a taxation of their shares. But we think this distinction, however properly it might be taken in disposing of some questions, cannot be maintained in determining this question of exemption. It is clear that an exemption of the working capital of a corporation would not afford the relief intended, if all its stock was taxed to the individual stockholders. The capital of the corporation and the shares of its stockholders are different forms of the same thing. There is no value to the stock independent of the property which it represents. The property of the corporation is the property of the stockholders who compose it, and the shares held by each represent his interest in the corporate assets. It seems clear that for the purposes in hand the capital of the corporation and the shares of the individual members must be treated as identical, and that an exemption of the capital carries with it an exemption of the individual holding. This view is in line with sec. 383, which provides that in assessing stockholders for stock in a manufacturing corporation the amount shall be reduced by the value of the real and personal property taxed to the corporation. The question presented has not before this been brought to decision in this State, but it has been repeatedly held in other jurisdictions that when the charter of a corporation exempts it from taxation, the shares held by its stockholders are also exempt. Cooley on Taxation, 168.

But the plaintiff claims further that if the vote authorized by sec. 365 was effective to exempt his stock from taxation, it was not exempted from taxation by the laws of the State within the meaning of that term as used in sec. 411. It is said that there is a plain distinction between property exempt from taxation by the laws of the State, and property exempted from taxation by a municipal vote authorized by the law of the State; and that certain classes of stock having been directly exempted by sec. 362, the language of sec. 411 must be held to refer to that stock. It is certain that exempted property may be separated

into two classes by the distinction suggested, but we think it is apparent that the Legislature used the term in question in a sense inclusive of both. The provision was designed to preclude the benefit of offset to the extent of a benefit derived from non-taxation. No reason occurs to us for supposing that the Legislature intended to distinguish between the two methods of exemption. For the purposes of the enactment it was immaterial whether the exemption was effected by its direct vote or by the vote of some body to which it had delegated its authority. The phrase in question might well be used as covering both; for the exemption, by whichever method conferred, is by virtue of the law of the State.

*Judgment affirmed.*